IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CURTIS JONES,            )
                         )
            Plaintiff,   )
                         )
     v.                  )    No. 05 C 6168
                         )
GREYHOUND EXPOSITION SERVICES,  )
et al.,                  )
                         )
            Defendants.  )

MEMORANDUM ORDER

Curtis Jones ("Jones") originally brought this action pro se, but after this Court then appointed counsel to represent him pro bono publico, the appointed lawyer filed a First Amended Complaint at Law ("FAC") that pared down Jones' claims as well as the number of targeted defendants. Both remaining defendants, Freeman Decorating Co. ("Freeman") and GES Exposition Services, Inc., have filed their Answers and Affirmative Defenses to the FAC, so that the more streamlined action is now at issue.

Still pending, however, is Jones' pro se "Emergency Motion for Injuctive [sic] Relief and Restaining [sic] Order"[1] brought against Freeman and individuals Michael Benson, Ronald Ligamore and Donald Bannon (those individuals had been named as defendants in Jones' original Complaint but have been dropped from the FAC).

---

[1] For some reason, Jones filed the same motion twice--once as Dkt. 39 and once as Dkt. 47. Dkt. 47 inadvertently omitted page 3 of Jones' supporting affidavit, but it has included (as Dkt. 39 did not) a one-page September 8, 2005 "Terms of Agreement" document that had resolved an earlier dispute between Jones and Freeman.

Counsel for the parties have now agreed that this Court should rule on the motion on the basis of Jones' pro se filing and the Response that was filed on June 9 by Freeman and the three individuals.

Jones' request for equitable relief seeks the termination of what he claims is race-discriminatory treatment and retaliation that he and his wife Katrice Crawford ("Crawford") have assertedly suffered in connection with work performed by Freeman at Chicago's McCormick Place (both Jones and Crawford are union carpenters). Not content with the potential award of damages if he were to prove successful in this litigation, Jones asks for relief summarized this way in Response at 1-2:

> In short, Jones requests a court order requiring Freeman to re-hire him, provide employment for Jones' wife, Katrice Crawford ("Crawford"), and pay damages to Jones from the most recent disciplinary action involving Jones. In addition, he seeks an order requiring Freemen not to communicate to him and Crawford in ways that he finds negative and objectionable, not to communicate to third parties about this lawsuit, and not to deny work to him and Crawford in the future.

This Court has been somewhat puzzled by the parties' tendering of Jones' motion for decision, given the diametrically opposite poles that are occupied by their respective versions of the facts. After all, any such factual disputes cannot of course be resolved on paper submissions. But analysis has confirmed that to be a nonproblem, because Jones' requests fail as a matter of law.

To begin with, any requested relief as to Crawford is not obtainable in this action. Crawford is not a party, nor has she satisfied the preconditions to any legal action on her behalf.

As for Jones himself, quite apart from the sharply different scenarios portrayed by the opposing parties, even on his version injunctive relief is unavailable under the principle that was established three decades ago in Sampson v. Murray, 415 U.S. 61 (1974) and is still viable today. Here is how our Court of Appeals has described the Sampson-established principle just last year in Bedrossian v. Nw. Mem. Hosp., 409 F.3d 840, 845-46 (7th Cir. 2005):

> The Supreme Court set a high standard for obtaining preliminary injunctions restraining termination of employment in Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Although it did not "foreclose[ ] relief in the genuinely extraordinary situation," the type of irreparable injury required must really depart from the harms common to most discharged employees. Id. at 92 & n. 68, 94 S.Ct. 937. The plaintiff in Sampson alleged humiliation, damage to reputation, and loss of income due to her purportedly wrongful termination from federal employment. Id. at 92, 94 S.Ct. 937. The Court held that these injuries did not rise to the level of an extraordinary termination of employment situation, and that they were not "irreparable" to warrant a preliminary injunction. See id.

Finally on the injunctive front, Jones' effort to limit communications that displease him or that discuss this litigation are unsustainable.

If Jones' substantive claims prove to be true, he will be able to collect damages for any harm that he has sustained. And

3

for better or worse, Sampson and its progeny teach that such future recovery negates the irreparability of harm that is a prerequisite to any granting of injunctive relief.

Accordingly Jones' motion (as embodied in both Dkt. 39 and Dkt. 47) is denied in its entirety. This case will proceed as an action at law.

							_____
							Milton I. Shadur
							Senior United States District Judge

Date: July 26, 2006