```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

CURTIS JONES,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 05 C 6168
                                 )
GREYHOUND EXPOSITION SERVICES,   )
et al.,                          )
                                 )
            Defendants.          )

<u>MEMORANDUM ORDER</u>

Curtis Jones ("Jones") is extraordinarily litigious.[1] Now, acting pro se, he is attempting to inject Local 10 of the United Brotherhood of Carpenters and Joiners of America ("Local 10") and the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of America ("Regional Council") back into this lawsuit via a Second Amended Complaint ("SAC"), even though they had been dismissed out <u>with prejudice</u> on July 12, 2006, after the filing of Jones' Amended Complaint on June 23, 2006 that had dropped them as defendants (at that time Jones was represented by appointed counsel, who have since parted company with him). Fully 11 months later Jones filed the SAC, and on July 24 of this year Local 10 and the Regional Council moved for

---

[1] This characterization is not intended to express any substantive judgment as to the merit or lack of merit in Jones' current lawsuit. It is simply an objective and accurate statement as to his litigative history--see attached Ex. A, a photocopy of the first two pages of the Amended Memorandum in support of the Fed. R. Civ. P. ("Rule") 12(b)(6) motion for dismissal that is dealt with in this memorandum order.

their dismissal. Jones has now filed a brief response to that motion, putting the adversaries squarely at odds with each other.

In addition to reading the parties' written submissions, this Court has listened to tape recordings of hearings on March 15 and June 15, 2007, which dealt with Jones' effort to restore his claims against Local 10 and Regional Council. In part Jones claims that the decision to drop those two defendants from this litigation when the Amended Complaint was filed on his behalf by his then appointed counsel was something with which he disagreed, in addition to which he says he was unaware that the dismissal was with prejudice.

To begin with, both sides have overstated their positions. On Jones' part, he essentially asserts that this Court issued him a blank check back on March 15 by permitting him to file an SAC (an action that he did not take until June 13 of this year). As for Local 10 and Regional Council, they seek to convert the July 12, 2006 with-prejudice dismissal into an action that triggers the operation of res judicata (claim preclusion[2]).

As for Jones' position, simply granting him leave to file the SAC did not reflect any decision on the part of this Court as

---

[2] This Court regularly employs this term rather than the old label of "res judicata," in part because all too many cases have employed the latter label for both claim preclusion and issue preclusion, thus muddying the analytical waters. For a good explanation of the difference between the two more precise preclusion concepts, see Migra v. Warren Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

to its viability if challenged--as this Court is wont to say, it issues blank checks to no one other than Mrs. Shadur. And because the absence of a Rule 54(b) determination in conjunction with the July 2006 order prevented the dismissal of Local 10 and Regional Council (despite the "with prejudice" language) from qualifying as a final order, either in terms of its appealability or for claim preclusion purposes (cf. Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990, 996 (7th Cir. 1979)),[3] their "res judicata" argument fails. Lastly, as for the other possibility of issue preclusion that Local 10 and Regional Council seek to posit as a second string to their dismissal bow, the Alexander case and the Harris Chernin footnote (both cited in n.3) would support that position if it were substantively sound. But the difficulty there is that the July 2006 with-prejudice dismissal involved no actual litigation of the substantive issues posed by the original Complaint, so there is nothing identifiable as a potential subject of issue preclusion.

There is, however, another possible basis for dismissal to which the parties have not addressed themselves. Under Del Costello v. Teamsters, 462 U.S. 151 (1983) a claim of inadequate representation by a union has a very short time fuse, and it

---

[3] EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1290 n.5 (7th Cir. 1993) expresses that view of Miller Brewing, contrasting the ruling there with the decision in Alexander v. Chicago Park Dist., 773 F.2d 850, 855 (7th Cir. 1985).

would seem that the SAC's claim against Local 10 and Regional Council may run afoul of that problem of potential untimeliness (under the circumstances here, the SAC does not relate back to the time of filing the original Complaint that had included Local 10 and Regional Council as codefendants).

That is a subject on which additional input will be required by filings that must be submitted on or before September 10, 2007. And untimeliness would also appear to bar any Title VII claim against those defendants even if they could be regarded as Jones' employer, a difficult premise on its own--and that subject must also be addressed in the same submissions.

Accordingly the Rule 12(b)(6) motion for dismissal from the SAC is not yet fully ripe for resolution. This Court will conclude its ruling on the subject after the further submissions that are called for here.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 17, 2007